STEVEN D. SMELSER (SBN 180602)
*ssmelser@yukelaw.com*
SYDNEY A. SHAFFER (SBN 348771)
*sshaffer@yukelaw.com*
CAMILLE T. BAYLIS (SBN 363838)
*cbaylis@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone: (213) 362-7777
Facsimile: (213) 362-7788
Email: eservice@yukelaw.com

Attorneys for Defendant,
SAFARILAND, LLC.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

BILLY F. STEFFEY,

Plaintiff,

vs.

UNITED STATES OF AMERICA; and SAFARILAND, LLC,

Defendants.

**CASE NO. 2:26-cv-09497-MCS-RAOx**

**DEFENDANT SAFARILAND, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTS III AND IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

*[Filed concurrently with Notice of Motion; Declaration of S. Shaffer; [Proposed] Order; and Request for Judicial Notice]*

District Judge: Hon. Mark C. Scarsi
Magistrate Judge: Hon. Rozella A. Oliver

Date: Monday, December 7, 2026
Time: 9:00 a.m.
Crtrm: 7C

Trial Date: None Set

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ... 1

II. THE PLEADED CLAIMS AND THE RECORD THEY INCORPORATE ... 3

A. The disciplinary finding and its disposition ... 3

B. Both Safariland counts depend on the alleged testing and confinement error ... 4

C. Steffey's own 2020 filing addressed Safariland's product and training ... 5

III. THE GOVERNING PLEADING STANDARD PERMITS THIS LIMITED RECORD REVIEW ... 6

IV. THE CLAIMS AS PLEADED REQUIRE FAVORABLE TERMINATION OF THE DISCIPLINARY FINDING ... 7

A. California's rule against inconsistent civil attacks applies to the pleaded tort claims ... 7

B. The pleaded theory necessarily undermines the outstanding finding ... 8

C. The pending collateral proceeding does not establish favorable termination or unavailability of relief ... 11

V. ALTERNATIVELY, INDEPENDENTLY ACCRUED CLAIMS ARE UNTIMELY ... 12

A. Discovery turns on reason to investigate the particular wrong, not possession of its best evidence ... 12

B. The 2020 materials identified the manufacturer-training issue now pleaded ... 13

C. The pleaded impediments do not bridge the resulting limitations gap ... 15

VI. CONCLUSION ... 17

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 6

*Edwards v. Balisok*,
520 U.S. 641 (1997) .......... *passim*

*Hebbe v. Pliler*,
627 F.3d 338 (9th Cir. 2010) .......... 6

*Hebrard v. Nofziger*,
90 F.4th 1000 (9th Cir. 2024) .......... 1, 10

*Hopkins v. Kedzierski*,
225 Cal. App. 4th 736 (2014) .......... 16

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......... 6

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954 (9th Cir. 2010) .......... 7

*Yount v. City of Sacramento*,
43 Cal. 4th 885 (2008) .......... 1, 8, 9, 10

**Statutes**

Cal. Civ. Proc. Code § 335.1 .......... 12

Code 111 .......... 3, 5

Code of Civil Procedure section 352.1(a) .......... 15

Federal Tort Claims Act .......... 15, 16

**Other Authorities**

Cal. Rules of Court, app. I .......... 15

Fed. R. Evid. 201(b) .......... 6

Rule 8(d)(2)-(3) .......... 6
Rule 9(a), (c) .......... 15
Rule 10(c) .......... 6
Rule 12(b)(6) .......... 2, 6, 7
Rule 59(e) .......... 4
Rule 60 .......... 4, 11

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mr. Steffey seeks to hold Safariland liable for the consequences of a prison drug finding that remains in force. He alleges that inadequate correctional training caused a presumptive field-test result to be treated as a valid drug identification, and that proper warnings would have prevented or shortened confinement lacking an adequate ground. The same identification supported the disciplinary finding that disallowed 41 days of good-conduct time. His First Amended Complaint ("FAC") expressly alleges that the detention and the disciplinary finding rest on the same predicate. (FAC ¶¶ 93, 95-96, ECF 18-1 at 8-13, PageID 230-235; ¶ 119, id. at 39, PageID 261.)

The two claims against Safariland present a threshold inconsistency under the California rule applied in *Yount v. City of Sacramento*, 43 Cal. 4th 885, 898-902 (2008). Safariland asks the Court to apply that rule to the credit-revoking disciplinary finding here, informed by *Edwards v. Balisok*, 520 U.S. 641, 646-49 (1997). The conflict arises to the extent the pleaded causal theory requires a determination that the sole drug identification supplied no adequate basis for the outstanding finding. Excluding damages for lost credits does not cure that conflict. *Hebrard v. Nofziger*, 90 F.4th 1000, 1010-11 (9th Cir. 2024). The June 2026 Oregon order permitted further proceedings but did not invalidate the original judgment or disciplinary finding. (RJN Ex. 5 at 4-5, 10-11; FAC ¶ 95, ECF 18-1 at 12, PageID 234.)

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

If the Court instead concludes that Counts III and IV can proceed consistently with the disciplinary finding, the claims face an independent limitations defect. By April 2020, Steffey had submitted a judicial decision expressly questioning Safariland's education and training of correctional officers. His own brief attacked the product's marketing, the reliability of the results, and the training of those administering and interpreting the tests. (RJN Ex. 6, Oregon ECF 37 at 8, 10-11; ECF 37-1 at 33.) He also possessed Safariland's 2017 course excerpts and, by May 2020, the directive requiring vendor certification. (FAC ¶ 97(b), (e), ECF 18-1 at 14, 16, PageID 236, 238.) The discovery rule did not give him another five years to locate the older course language he now regards as better evidence of the same alleged manufacturer-training wrongdoing.

Safariland requests dismissal of Counts III and IV under Rule 12(b)(6). The favorable-termination ground warrants dismissal without prejudice insofar as recovery necessarily requires invalidation of the outstanding finding. Any independently actionable claim consistent with that finding remains subject to the alternative limitations defense. Safariland requests 21 days after entry of the Court's order to amend or supplement the pleading, as applicable, to cure the defect identified in the ruling. Neither ground requires resolving the actual chemistry or disputed accounts of Federal Bureau of Prisons ("BOP") conduct, and the motion does not seek dismissal of the claims against the United States.

/ / /

/ / /

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## II. THE PLEADED CLAIMS AND THE RECORD THEY INCORPORATE

### A. The disciplinary finding and its disposition

The February 13, 2018 disciplinary hearing resulted in a finding that Plaintiff Billy F. Steffey ("Plaintiff" or "Steffey") committed a Code 111 violation, introduction of narcotics. The hearing officer relied on the reported NIK results together with communications, a matching tracking number, and other evidence connecting Steffey to the intercepted envelope. The report imposed the disallowance of 41 days of good-conduct time and 180 days of lost commissary privileges. The disciplinary-segregation and visiting sanctions were suspended. (RJN Ex. 1 at 1-4, Oregon ECF 12-5.) The distinction matters: Safariland does not characterize an unserved sanction as an injury Steffey actually sustained.

Steffey challenged the finding in habeas. The magistrate judge recommended denial under the governing "some evidence" standard; the district judge adopted that recommendation and entered judgment dismissing the petition on May 18, 2020. (RJN Ex. 2 at 9-12, Oregon ECF 30; Ex. 3 at 1-2, Oregon ECF 39; Ex. 4 at 1, Oregon ECF 40.) Those decisions establish the procedural disposition. Safariland does not offer them as a scientific validation of the NIK system or a merits adjudication of the manufacturer's tort duties.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

On June 23, 2026, the Oregon court granted Rule 59(e) relief from a later order denying Rule 60 relief on mootness grounds. The court held that the petition was not moot and authorized a further amended Rule 60 motion. It explained that setting aside the May 2020 judgment and obtaining relief on the petition would require further rulings. (RJN Ex. 5 at 4-5, 10-11, Oregon ECF 63.) The FAC accurately acknowledges that this order did not itself set aside the original judgment or disciplinary finding. (FAC ¶ 95, ECF 18-1 at 12, PageID 234.)

**B. Both Safariland counts depend on the alleged testing and confinement error**

Count III alleges strict products liability for failure to warn; Count IV alleges negligent failure to warn and negligent undertaking. The course is pleaded as part of the warnings for the NIK system, not as a separately defective product. The FAC disclaims an independent defect in the pouch, insert, or chart. Its asserted wrong is the correctional qualification in the training materials and the alleged failure to correct the message for previously certified users. (FAC ¶¶ 112, 117, 122-124, ECF 18-1 at 31, 35-38, 40-42, PageID 253, 257-260, 262-264.)

Steffey alleges that adequate warnings would have changed both testing and institutional reliance, thereby preventing or shortening confinement that otherwise lacked an adequate ground. Count IV incorporates that same causal allegation. (FAC ¶¶ 119, 126, ECF 18-1 at 39, 43, PageID 261, 265.) He attributes physical aggravation and other losses to the resulting confinement and discipline. (Id. ¶¶ 120, 127, at 39, 43-44, PageID 261, 265-266.) These are consequential-injury allegations; they do not identify a separate physical injury caused by contact with the product itself.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

The FAC excludes damages for the 41-day credit loss and unserved sanctions, but expressly ties the administrative detention to the same recorded identification and investigation that underlay the Code 111 finding. It alleges no independent basis for that detention and says that the detention and finding share the same predicate. (FAC ¶¶ 64-65, ECF 18 at 54-55, PageID 208-209; ¶¶ 93, 96, ECF 18-1 at 8-9, 12-13, PageID 230-231, 234-235.)

### C. Steffey's own 2020 filing addressed Safariland's product and training

In his April 23, 2020 objections, Steffey argued through appointed counsel that the tests did not work as Safariland marketed them and lacked the reliability required for the disciplinary finding. He cited and attached the *Chacon* decision, which discussed correctional officers' misunderstanding of false positives and specifically questioned the adequacy of their Safariland education and training. (RJN Ex. 6, Oregon ECF 37 at 8; ECF 37-1 at 33.) He also argued that the record lacked evidence of the testing personnel's training and expertise and attached excerpts from the NIK self-training course. (Id., ECF 37 at 10-11; ECF 37-2 at 1-5.)

The FAC acknowledges that Steffey and his counsel used the manufacturer's materials in 2019-2020, that Steffey contacted Safariland about interpreting the reactions in April and May 2020, and that he received the vendor-certification directive on May 6, 2020. It nevertheless dates discovery of the manufacturer claims to July 2025, when he learned of the *Jenkins* litigation, and identifies August 21, 2026 as the approximate date he obtained the older course from that record. (FAC ¶ 97(a)-(f), ECF 18-1 at 13-17, PageID 235-239.) The predecessor Safariland action was filed November 18, 2025. (FAC ¶ 15, ECF 18 at 9, PageID 163.)

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## III. THE GOVERNING PLEADING STANDARD PERMITS THIS LIMITED RECORD REVIEW

Rule 12(b)(6) requires a plausible claim for relief, accepting well-pleaded facts and reasonable inferences in the plaintiff's favor. Legal conclusions do not receive the same presumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Steffey's pro se pleading receives liberal construction. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The motion addresses the detailed claims he actually pleads, including his alternative allegations under Rule 8(d)(2)-(3).

The Court may consider the FAC and its exhibits under Rule 10(c), documents properly incorporated by reference, and judicially noticeable procedural facts. It may not accept disputed assertions in other filings as true simply because the filings are public records. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-1003 (9th Cir. 2018); Fed. R. Evid. 201(b). The accompanying request identifies the limited purpose for each record. The 2020 objections and attachments establish the filing date and the materials submitted on Steffey's behalf. Their legal significance under the discovery rule remains for the Court to determine under the pleading standard. Safariland does not seek judicial notice of Steffey's subjective understanding or adopt *Chacon*'s scientific conclusions as true.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

A limitations defense may be decided under Rule 12(b)(6) when the time bar is apparent from the pleading; dismissal is inappropriate if facts consistent with it could establish timeliness. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Here, the alternative defense rests on the FAC's detailed discovery chronology and the particular prior filings it expressly cites, not on new testimony disputing that chronology. The supporting declaration supplies record copies and the required conference information, not additional merits evidence.

## IV. <u>THE CLAIMS AS PLEADED REQUIRE FAVORABLE TERMINATION OF THE DISCIPLINARY FINDING</u>

### A. California's rule against inconsistent civil attacks applies to the pleaded tort claims

*Heck v. Humphrey* requires favorable termination before a plaintiff may recover section 1983 damages on a theory necessarily implying the invalidity of an outstanding conviction or sentence. 512 U.S. 477, 486-87 (1994). *Edwards* applies that principle to a disciplinary adjudication revoking good-time credits. The inquiry concerns the necessary implication of success, including a successful attack on the adjudicative process, rather than whether the plaintiff formally requests restoration of credits. 520 U.S. at 643-48.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

The present claims against Safariland arise under California tort law, not section 1983. *Yount* supplies the state-law rule. There, the California Supreme Court applied the same inconsistency analysis to a common-law battery claim because California law shares the policy against conflicting resolutions of the same transaction. 43 Cal. 4th at 901-02. The claim could proceed insofar as it challenged unnecessary deadly force consistently with the conviction, but not insofar as it asserted that no force was justified. Id. at 898-902.

*Yount* involved police conduct and a criminal conviction, not a private manufacturer and a federal disciplinary finding. Safariland asks the Court to apply its stated California-law principle to the analogous inconsistency presented here. *Edwards* identifies why a credit-revoking disciplinary adjudication implicates that principle. The private identity of the supplier does not reconcile a judgment that the sole drug identification supplied no adequate basis for the discipline with the still-operative finding that Steffey introduced narcotics. The requested application turns on the necessary premise of the tort recovery, not on treating Safariland as a government actor.

**B. The pleaded theory necessarily undermines the outstanding finding**

A deficient warning does not, standing alone, invalidate a disciplinary finding. The question is whether success on the causal theory pleaded here necessarily requires that result. *Yount*, 43 Cal. 4th at 898-902. A shared test result or sequence of events is insufficient unless the proposed civil judgment would contradict the adjudication that remains in force.

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

The necessary connection appears in the allegations defining Safariland's alleged causal role. Paragraph 119 alleges that adequate warnings would have changed testing and institutional reliance, preventing or shortening confinement that otherwise lacked an adequate ground. Paragraph 126 makes that same allegation the basis of Count IV. (ECF 18-1 at 39, 43, PageID 261, 265.) Paragraphs 93 and 96 further allege that the NIK result was the only recorded drug identification and that the detention and credit-revoking finding rest on that same predicate. (Id. at 8-9, 12-13, PageID 230-231, 234-235.) Read together, those allegations support dismissal insofar as recovery requires a determination that the identification supplied no adequate basis for the outstanding drug finding. That is the inconsistency Safariland asks the Court to address under *Yount*.

The report's additional circumstantial evidence does not require a new sufficiency review. It identifies communications and other links to the envelope along with the NIK results. (RJN Ex. 1 at 2-4.) Safariland accepts for this motion the allegations that the NIK result was the only drug identification and that no independent ground supported the detention. The issue is what the requested tort judgment would necessarily decide about the finding, not whether the Court should independently reweigh the disciplinary evidence.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Excluding damages for lost credits does not preserve a theory whose success necessarily invalidates the finding. *Edwards*, 520 U.S. at 643-48. In *Hebrard*, the Ninth Circuit applied that rule where a prisoner challenged his disciplinary adjudication while excluding relief for the revoked credits. 90 F.4th at 1010-11. The operative distinction was the necessary implication of success, not the plaintiff's selection of damages. Under the California principle discussed above, Steffey likewise cannot preserve an inconsistent causal theory merely by excluding the credit-loss consequence.

Nor does the label "administrative detention" resolve the issue. *Muhammad v. Close* permitted a claim whose success threatened neither the conviction nor the duration of the sentence. 540 U.S. 749, 754-55 (2004). If a claim for unnecessary or prolonged detention can succeed consistently with the disciplinary finding, this ground does not bar it. But to the extent Steffey's pleaded theory requires rejection of the drug-identification predicate as an adequate basis for the outstanding finding, placing the resulting injury before the hearing does not eliminate the inconsistency.

Safariland therefore seeks dismissal without prejudice of Counts III and IV insofar as the pleaded causal theory necessarily undermines the outstanding finding. Any independently actionable theory consistent with that finding must be evaluated separately, including under the alternative limitations defense. This requested application of *Yount* concerns the premise of recovery; it does not treat Safariland as a state actor or make every injury associated with the test result noncognizable.

/ / /

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

### C. The pending collateral proceeding does not establish favorable termination or unavailability of relief

The FAC concedes that favorable termination has not occurred. The June 2026 order held the habeas proceeding non-moot and permitted another Rule 60 motion; it did not vacate the 2020 judgment or expunge the disciplinary finding. (FAC ¶ 95, ECF 18-1 at 12, PageID 234; RJN Ex. 5 at 4-5, 10-11.) A renewed opportunity to obtain relief is not the relief itself.

*Galanti v. Nevada Department of Corrections* recognizes a limited exception where a former prisoner challenging credit deprivation can no longer obtain habeas relief. 65 F.4th 1152, 1155-56 (9th Cir. 2023). The material distinction here is not a supposed lack of diligence by Steffey. He pursued habeas relief. The distinction is that the Oregon court expressly held his proceeding non-moot and preserved a route to adjudication of his challenge. The FAC alleges that the collateral attack remains pending. (FAC ¶ 93, ECF 18-1 at 9, PageID 231.) The predicate of the exception, legal unavailability of that avenue, is absent on the pleaded record.

Dismissal on this ground should be without prejudice to a claim following favorable termination. *Edwards* directs dismissal of a noncognizable claim rather than retaining it simply to permit exhaustion. 520 U.S. at 649. That disposition allows the Oregon proceeding to address the outstanding adjudication before a damages court adjudicates a theory necessarily inconsistent with it.

/ / /

/ / /

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## V. ALTERNATIVELY, INDEPENDENTLY ACCRUED CLAIMS ARE UNTIMELY

### A. Discovery turns on reason to investigate the particular wrong, not possession of its best evidence

California's two-year personal-injury period applies to Counts III and IV. Cal. Civ. Proc. Code § 335.1; FAC ¶ 97, ECF 18-1 at 13, PageID 235. Under *Jolly v. Eli Lilly & Co.*, the period begins when the plaintiff suspects or reasonably should suspect a wrongful cause of the injury; obtaining every fact necessary to prove the case is not a prerequisite. 44 Cal. 3d 1103, 1110-11 (1988).

*Fox v. Ethicon Endo-Surgery, Inc.* requires attention to the particular cause of action. Knowledge of possible wrongdoing by one actor does not invariably start limitations against every other actor. A reasonable investigation may reveal one kind of wrongdoing while leaving a wholly different wrong undiscoverable. The plaintiff invoking delayed discovery must plead the time and manner of discovery and the inability to discover earlier despite reasonable diligence. 35 Cal. 4th 797, 807-09, 813 (2005).

Safariland's argument satisfies that distinction. It does not rest merely on Steffey's knowledge that the BOP injured him. It rests on the manufacturer-specific information in his own 2020 filing: criticism of Safariland's marketing and correctional training, accompanied by the course excerpts and followed by disclosure of mandatory vendor certification. That information supplied reason to investigate whether the manufacturer's training contributed to the erroneous institutional reliance he was already challenging.

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

### B. The 2020 materials identified the manufacturer-training issue now pleaded

The decisive passage appears in the *Chacon* decision Steffey attached to his objections. After discussing correctional officers' misunderstanding of false positives, the decision stated: "The officers' Safariland education and training from Safariland seems to be deficient." (RJN Ex. 6, Oregon ECF 37-1 at 33.) Steffey's accompanying brief relied on *Chacon* to challenge the reliability and marketing of NIK testing, then separately questioned the training and expertise of the personnel who administered and interpreted the tests. (Id., ECF 37 at 8, 10-11.) These were materials he submitted in his own case, not an unrelated decision he might theoretically have found through an unlimited search.

The FAC pleads a time and manner of discovery and an explanation for not discovering the claim sooner. Steffey alleges reliance on the manufacturer's instructions against the BOP, withheld directives and records, unsuccessful inquiries to Safariland, and later discovery of the older course. (FAC ¶ 97(a)-(f), ECF 18-1 at 13-17, PageID 235-239.) The issue under *Fox* is whether that explanation overcomes the manufacturer-specific information already contained in his own submission. 35 Cal. 4th at 807-09, 813. A plaintiff's reliance on one set of manufacturer instructions does not remove contrary information identifying a potential training failure by the same manufacturer.

By April 2020, the materials submitted on Steffey's behalf included both the course excerpts and *Chacon*'s express criticism of Safariland's correctional education and training. (RJN Ex. 6, Oregon ECF 37-1 at 33; ECF 37-2 at 1-5.) By May 6, 2020, the directive identified a vendor's course, examination, grading, and

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

certificate as the process through which the BOP obtained NIK certification. Steffey also contacted Safariland about interpretation of the reactions. (FAC ¶ 97(a)-(b), (e), ECF 18-1 at 13-14, 16, PageID 235-236, 238.) Those allegations connect this manufacturer's instructional role to the institutional use of test results he was challenging. The redacted contact information did not remove Safariland's identity from the course materials or the criticism already submitted in his case.

The FAC now challenges the correctional message in both the older course and the 2017 revision, together with the alleged failure to correct the message for previously certified users. (FAC ¶¶ 117, 124, ECF 18-1 at 35-38, 41-42, PageID 257-260, 263-264.) Safariland does not contend that Steffey possessed the older course in 2020. Its point is that the later slide supplied more specific evidence of the potential contribution of the manufacturer's correctional training, a contribution already identified in the 2020 submission. The tester's certification date and course version concern how the alleged wrong operated; their absence does not itself establish that reasonable investigation could not disclose the potential training claim.

This is therefore not an effort to impute every possible manufacturer claim from knowledge of the BOP's conduct. The materials Steffey submitted identified Safariland's education and training as a potential source of error in correctional use of the tests. Under *Fox* and *Jolly*, that manufacturer-specific information supplied reason to investigate the instructional wrong now pleaded without waiting for the older slide or a later litigation position making the theory more definite. *Fox*, 35 Cal. 4th at 807-09, 813; *Jolly*, 44 Cal. 3d at 1110-11.

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

### C. The pleaded impediments do not bridge the resulting limitations gap

Even a deliberately generous calculation places the statutory-tolling ceiling before the predecessor action. Assume, in Steffey's favor, accrual as late as May 6, 2020; allow the full two-year limitations period; add the maximum two years of imprisonment tolling under Code of Civil Procedure section 352.1(a); and add the entire 178-day Emergency Rule 9 period, without reducing for overlap or the later accrual date. The resulting date is October 31, 2024, more than a year before the November 18, 2025 predecessor action. (FAC ¶ 15, ECF 18 at 9, PageID 163.) This calculation gives Steffey more time than those provisions necessarily allow and remains subject to the separate equitable-tolling analysis below. Cal. Rules of Court, app. I, former emergency rule 9(a), (c).

The FAC describes the BOP's withholding of directives and records and Safariland's refusal to discuss interpretation with Steffey in April and May 2020. (FAC ¶¶ 94, 97(a), (f), ECF 18-1 at 9-17, PageID 231-239.) Those allegations must be accepted, but they do not explain why the manufacturer-specific materials already in his own filing failed to put him on inquiry. A missing certificate, internal communication, or older course may affect proof. Its absence does not defer a known potential claim indefinitely. *Fox* requires a reasonable investigation of potential causes, not possession of the defendant's internal evidentiary file before suit. 35 Cal. 4th at 808-09.

Paragraph 98 invokes equitable tolling during *Peters* and the subsequent Federal Tort Claims Act administrative process. *McDonald v. Antelope Valley Community College District* requires timely notice, lack of prejudice, and

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

reasonable, good-faith conduct. 45 Cal. 4th 88, 102 & n.2 (2008). The first proceeding must alert the defendant to investigate the facts underlying the later claim within the applicable limitations period. Id. The notice expressly alleged in paragraph 98 arose through Safariland's appearance in the 2025 action. (ECF 18-1 at 17-18, PageID 239-240.) If the claims accrued by May 2020, tolling during proceedings begun in 2025 does not account for the preceding gap after the generous October 2024 statutory-tolling ceiling.

The January 16, 2026 *Peters* order does not establish otherwise. It allowed an amended complaint and identified voluntary dismissal to exhaust claims against the United States as an alternative. It also explained that separately actionable state-law claims against Safariland could be joined. (RJN Ex. 7 at 3, Peters ECF 37, PageID 399.) Safariland does not argue that following that option was unreasonable or that voluntary exhaustion categorically forecloses equitable tolling. The narrower point is dispositive: the order did not adjudicate limitations or revive an already expired claim.

Equitable tolling does not categorically require the same defendant in both proceedings. It requires timely notice to the later defendant of the need to investigate the facts underlying the later claim. *Hopkins v. Kedzierski*, 225 Cal. App. 4th 736, 750-51 (2014); *McDonald*, 45 Cal. 4th at 102 n.2. The FAC does not allege facts showing that the Oregon habeas proceeding supplied that notice to Safariland within the applicable period. The public filing of objections challenging the government's disciplinary adjudication does not itself establish notice to the manufacturer.

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Paragraph 97(a) alleges direct inquiries about interpretation of particular test reactions. It does not allege that those contacts alerted Safariland to the facts underlying a claim challenging the correctional certification training, or that Safariland otherwise received the notice required for tolling during the habeas proceeding. (ECF 18-1 at 13, PageID 235.) Paragraph 98 instead identifies notice through Safariland's appearance in *Peters* in 2025. (Id. at 17-18, PageID 239-240.) The pleaded chronology therefore does not supply timely notice sufficient to toll an independently accrued manufacturer claim through the gap identified above.

These limitations arguments are expressly alternative to Section IV. If a claim necessarily depends on invalidity and has not accrued because favorable termination is absent, Safariland seeks dismissal on that ground, not a finding that its limitations period has already expired. If the claim accrued independently, the manufacturer-specific inquiry notice in 2020 and the absence of pleaded tolling sufficient to bridge the gap require dismissal under the ordinary two-year rule.

## VI. CONCLUSION

Safariland requests dismissal of Counts III and IV without prejudice insofar as recovery necessarily requires a judgment inconsistent with the outstanding credit-revoking disciplinary finding. Alternatively, to the extent either count accrued independently of that finding, Safariland requests dismissal as untimely. Plaintiff should have 21 days after entry of the Court's order to amend or supplement the pleading, as applicable, to cure the defect identified in the ruling, including by alleging an independent claim consistent with the finding, an intervening favorable termination, or additional facts establishing timely accrual or tolling, as applicable. Dismissal for lack of favorable termination should remain without prejudice to a

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

later claim after that requirement is satisfied, without adjudicating the merits or timeliness of that later claim. Counts I and II against the United States should remain unaffected.

DATED: October 26, 2026

YUKEVICH | CAVANAUGH

By: Sydney Shaffer

Steven D. Smelser
Sydney A. Shaffer
Camille T. Baylis
Attorneys for Defendant,
SAFARILAND, LLC.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Safariland, LLC, certifies that this brief contains 4,225 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated ___________.

DATED: October 26, 2026

Sydney Shaffer

SYDNEY A. SHAFFER

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**PROOF OF SERVICE**

**Billy F. Steffey vs. United States of America, et al.**
**USDC, Central Dist. of California - Case No. 2:26-cv-09497-MCS-RAOx**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 S. Grand Avenue, 15th Floor, Los Angeles, California 90071-1560.

On October 26, 2026, I served true copies of the following document(s) described as **DEFENDANT SAFARILAND, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTS III AND IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT,** on the interested parties in this action as follows:

| | |
|---|---|
| Billy F. Steffey<br>455 Capitol Mall, Suite 802<br>Sacramento, CA 95814 | Plaintiff Pro Per<br><br>Tel: 916-955-6332<br>Email: bsteffev@mac.com |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address vpanameno@yukelaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 26, 2026, at Los Angeles, California.

/s/ Violeta J. Panameno
Violeta J. Panameno